IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CARESTREAM HEALTH, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII DIAGNOSTIC<br>RADIOLOGY SERVICES, LLC,<br><br>Defendant. | CIVIL NO. 16-00609 DKW-KJM<br><br>**ORDER REGARDING SUBJECT<br>MATTER JURISDICTION** |

## ORDER REGARDING SUBJECT MATTER JURISDICTION

On November 14, 2016, Plaintiff Carestream Health, Inc. filed a Complaint

against Hawaii Diagnostic Radiology Services, LLC, asserting subject matter

jurisdiction based solely upon diversity of citizenship under 28 U.S.C. § 1332.  *See*

Complaint ¶¶ 2-3.  Section 1332(a)(1) provides that "the district courts shall have

original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens

of different States."   In order to satisfy the requirements of Section 1332, there must

be complete diversity of citizenship between the opposing parties.  *Exxon Mobil*

*Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[Section] 1332 . . .

requir[es] complete diversity:   In a case with multiple plaintiffs and multiple

defendants, the presence in the action of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction over the entire action."); *Kuntz v. Lamar Corp.,* 385 F.3d 1177, 1181 (9th Cir. 2004).

The sole named defendant is alleged to be a limited liability company ("LLC").   "[A]n LLC is a citizen of every state of which its owners/members are citizens."   *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).   Thus, to establish diversity jurisdiction, the citizenship of all owners and/or members of an LLC must be alleged.   *Id*.

The Complaint, however, does not indicate the identity or citizenship of all owners or members of Hawaii Diagnostic Radiology Services, LLC, nor if any of the owners or members are themselves LLCs and/or unincorporated associations. Without such additional information regarding each LLC member, the Court is unable to determine whether diversity jurisdiction exists.

Plaintiff bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).   At the pleading stage, Plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action.   *Johnson*, 437 F.3d at 899; Fed. R. Civ. P. 8(a)(1).   The Court may address subject matter jurisdiction *sua sponte*. *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); Fed. R. Civ. P. 12(h)(3).

Accordingly, Plaintiff is directed to file, by **November 29, 2016**, a jurisdictional statement identifying the citizenship of all owners/members of Hawaii Diagnostic Radiology Services, LLC.   If any members of the defendant LLC are themselves LLCs or LPs, Plaintiff shall identify those LLCs and LPs and specify their citizenship as well.   If the information described above is not available to Plaintiff upon the exercise of due diligence, then Plaintiff shall so inform the Court by **November 29, 2016**.

IT IS SO ORDERED.

Dated: November 15, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Carestream Health, Inc. v. HDRS, LLC*; Civil No. 16-00609 DKW-KJM; **ORDER REGARDING SUBJECT MATTER JURISDICTION**

3